# In the United States Court of Federal Claims

No. 25-877C

(Filed: July 17, 2025)

|  |  |
|---|---|
| **KENIT ALI,** | ) </br> ) </br> ) |
| *Plaintiff,* | ) </br> ) |
| v. | ) </br> ) |
| **THE UNITED STATES,** | ) </br> ) |
| *Defendant.* | ) </br> ) </br> ) |

## **OPINION AND ORDER**

On May 22, 2025, Plaintiff, Kenit Ali, proceeding *pro se*, filed a complaint in this Court against Bill Beam, Scott R. Rosenburg, Hope A. Robertson, and Kalsey Dutcher (the "Individual Defendants"), all of whom appear to be officials of the state of North Carolina or localities therein. ECF No. 1 ("Compl."). That same day, Mr. Ali filed an application to proceed *in forma pauperis* ("IFP"). ECF No. 2. On June 10, 2025, this Court granted Mr. Ali's IFP application, and stayed the case to review the complaint for probable lack of jurisdiction. ECF No. 6; *see* Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC") (requiring that, in the absence of subject-matter jurisdiction, this Court "must dismiss the action").

This Court holds a *pro se* plaintiff's pleadings to "less stringent standards." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Nevertheless, "even *pro se* plaintiffs must persuade the court that jurisdictional requirements have been met." *Hale v. United States*, 143 Fed. Cl. 180, 184 (2019). "It is well-established that the plaintiff bears the burden of establishing the court's jurisdiction by a preponderance of the evidence." *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013).

### I.   JURISDICTION

Generally, "[t]he jurisdiction of the Court of Federal Claims is defined by the Tucker Act, which gives the court authority to render judgment on certain *monetary claims* against the *United States*." *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (emphasis added) (discussing 28 U.S.C. § 1491). Indeed, this Court's jurisdiction is limited to claims against the United States. *See Double Lion Uchet Express Tr. v. United States*, 149 Fed. Cl. 415, 420 (2020) ("[I]n the Court of Federal Claims, 'the only proper defendant . . . is the United States, not its officers, nor any other individual.'" (quoting *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003))). Thus, this Court cannot hear any claims against local or state officials. *See Moore v. Pub. Defs. Off.*, 76 Fed. Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations.").

Assuming the United States is properly named as the defendant, the Tucker Act, 28 U.S.C. § 1491(a)(1), provides this Court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004). The Tucker Act, however, "does not create a substantive cause of action." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). Instead, "[a] plaintiff must identify a separate source of substantive law that creates the right to money damages." *United States v. Mitchell*, 463 U.S. 206, 216 (1983). For "money-mandating" claims, a plaintiff must identify a law that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009, 178 Ct. Cl. 599 (Ct. Cl. 1967). That is, "[n]ot every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act." *Mitchell*, 463 U.S. at 216.

**II. DISCUSSION**

Mr. Ali's claims are difficult to decipher and do not comply with the RCFC, which require that "[e]ach allegation must be simple, concise, and direct." RCFC 8(d)(1). Nevertheless, and in light of Mr. Ali's *pro se* status, this Court has tried its best to make some sense of Mr. Ali's complaint. As best this Court can tell, Mr. Ali seems to allege that numerous wrongs were perpetrated against him — in connection with the attempted enforcement of a child support order in North Carolina — by some or all of the Individual Defendants. The alleged wrongs include the violation of Mr. Ali's federal civil rights, and a violation of 18 U.S.C. § 241. Compl. at 1–2. Mr. Ali also asserts claims under the

Fourth and Sixth Amendments, the Due Process Clause of the Fourteenth Amendment, and under the North Carolina Constitution. *Id.* Mr. Ali seeks monetary damages of $950,000. *Id.* at 3.

For the reasons explained below, this Court dismisses, *sua sponte*, Mr. Ali's complaint for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the RCFC. *See Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*."); *Kissi v. United States*, 493 F. App'x 57, 58 (Fed. Cir. 2012) (*sua sponte* dismissal for lack of subject matter jurisdiction).

*First*, the Individual Defendants all appear to be state or local officials. Compl. at 2. Insofar as Mr. Ali seeks relief against any party other than the United States, this Court lacks jurisdiction to hear his claims. *See Moore*, 76 Fed. Cl. at 620.

*Second*, even to the extent that Mr. Ali alleges claims against the United States, he "d[oes] not assert any claims deriving from money-mandating sources of law not sounding in tort" that would place his claims within this Court's jurisdiction. *Lawton v. United States*, 621 F. App'x 671, 672 (Fed. Cir. 2015). The various constitutional amendments referenced by Mr. Ali are not money-mandating provisions. *See Drake v. United States*, 792 F. App'x 916, 920 (Fed. Cir. 2019) ("The Court of Federal Claims does not have jurisdiction to render judgment on claims arising under the Fourth Amendment . . . . or the Due Process Clause[] of the Fourteenth Amendment.") (internal citations omitted); *Reid v. United States*, 95 Fed. Cl. 243, 248 (2010) (finding this Court lacked jurisdiction to hear claims arising under the Sixth Amendment).

Furthermore, this Court "does not have jurisdiction to entertain federal civil rights violations . . . ." *Drake*, 792 F. App'x at 920. As to 18 U.S.C. § 241, that is a criminal statute for which this Court similarly lacks jurisdiction. *See Marcum v. United States*, 173 Fed. Cl. 168, 170 (2024) (concluding this Court lacks jurisdiction for claims under 18 U.S.C. § 241 because it is a criminal statute and not money-mandating). Finally, state constitutions are not enforceable as money-mandating — at least not against the United States. *See Jennings v. United States*, 2022 WL 17351509, at *2 (Fed. Cl. Dec. 1, 2022) (concluding that claims "arising under state constitutions, 'are also outside the scope of the limited jurisdiction of the Court of Federal Claims'" (quoting *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007))).

3

### III. CONCLUSION

In sum, Mr. Ali's complaint lacks non-conclusory, non-frivolous factual allegations that amount to a claim within this Court's jurisdiction.

Accordingly, the Court finds that Mr. Ali's claims are outside this Court's jurisdiction. This case is **DISMISSED** for lack of subject-matter jurisdiction pursuant to RCFC 12(h)(3). The Clerk of the Court is directed to enter **JUDGMENT** for the government.

**IT IS SO ORDERED**.

s/Matthew H. Solomson
Matthew H. Solomson
Chief Judge